621 S.E.2d 356

**In the Matter of Karl Bryant ALLEN, Respondent.**

**No. 26053.**

Supreme Court of South Carolina.

Submitted Sept. 12, 2005.

Decided Oct. 24, 2005.

---

Henry B. Richardson, Jr., Disciplinary Counsel, and Barbara M. Seymour, Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa A. Ballard, of West Columbia, for respondent.

PER CURIAM:

The Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR, in which respondent admits misconduct and agrees to issuance of a letter of caution, an admonition, or a public reprimand and to

the imposition of other requirements. We accept the agreement. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

On or about August 24, 2000, respondent received a Covenant Not to Execute and a settlement check from opposing counsel to settle a portion of a claim for damages arising out of the death of respondent's client's son. The probate judge approved the settlement at a hearing on August 24, 2000. Thereafter, on September 12, 2000, the probate court judge signed a written order approving the settlement and the client's agreement to sign a Covenant Not to Execute. The client timely executed the Covenant Not to Execute, however, the original document was misplaced and was not received by opposing counsel.

Respondent delayed in responding to opposing counsel's requests that the executed Covenant Not to Execute be returned to him. Opposing counsel filed a Motion to Compel respondent to either provide the executed covenant or return the settlement check. Respondent did not appear at the February 26, 2001 Motion to Compel hearing before the circuit court. Respondent states he has no recollection of receiving notice of this hearing.

On February 27, 2001, the circuit court judge issued an order commanding respondent to deliver to opposing counsel the executed Covenant Not to Execute within ten days. The order also commanded respondent to pay opposing counsel $500.00 in attorney's fees within thirty days. Respondent neither appealed the order nor filed a motion for reconsideration. Respondent did not comply with the order to deliver the signed Covenant Not to Execute or to pay opposing counsel's attorney's fees.

On March 19, 2001, opposing counsel filed a Rule to Show Cause why respondent had failed to comply with the February 27, 2001 order. Respondent failed to appear at the March 30, 2001 Rule to Show Cause hearing. The circuit court judge found no valid reason why respondent had not delivered the executed covenant to opposing counsel and directed the Clerk

of Court to execute the covenant. Respondent subsequently paid the court-ordered attorney's fees.

Respondent failed to timely respond to ODC's inquiries in this matter.

## Matter II

A client alleged respondent failed to competently and diligently represent him. He further alleged respondent failed to adequately communicate with him about his pending legal matter.

Full investigation by ODC revealed no evidence to support the client's allegations. However, respondent failed to timely respond to ODC's inquiries in this matter.

## Matter III

Respondent represented Mr. Doe in a number of legal matters. In 1999, Mrs. Doe consulted respondent about a potential personal injury claim arising from a dog bite. Mrs. Doe alleged respondent accepted her case and a $100.00 check for costs.

Respondent denied accepting Mrs. Doe's case. The disciplinary investigation revealed no evidence indicating respondent accepted Mrs. Doe's case. Respondent represents the $100.00 check, which was from Mr. Doe, was for a legal matter for Mr. Doe and unrelated to the dog bite matter.

Respondent admits his records were insufficient to determine for which of Mr. Doe's cases the check was written. Respondent also admits he could have taken steps to insure that Mrs. Doe understood he did not accept her dog bite case.

## Matter IV

Respondent entered into a deferred disciplinary agreement to resolve the three matters discussed above. In that deferred disciplinary agreement, respondent admitted to violations of the Rules of Professional Conduct and agreed to comply with certain terms and conditions. In the deferred disciplinary agreement, respondent stated that, due to injuries he sustained in an automobile accident and as a result of the terminal illness of his law partner, he did not devote sufficient

178

attention to the management of his office and he was unable to diligently handle the volume of cases he had accepted. In the deferred disciplinary agreement, respondent proposed to retain the services of a law office management advisor, meet with the advisor on stated occasions, and to insure that the advisor filed timely reports with the Commission on Lawyer Conduct (the Commission). Respondent agreed that his willful failure to comply with the terms of the deferred disciplinary agreement would constitute misconduct under the Rules of Professional Conduct and constitute grounds for discipline. The deferred disciplinary agreement was accepted by the Investigative Panel of the Commission on January 16, 2004.

Respondent admits he failed to comply with the terms and conditions of the deferred disciplinary agreement. In particular, he failed to meet with his law office management advisor in accordance with specific provisions of the agreement and he failed to insure the advisor filed the reports required by the agreement. Following respondent's noncompliance, the Investigative Panel terminated deferment of the discipline.

## LAW

Respondent admits that, by his misconduct, he violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of the client); Rule 3.4(c) (lawyer shall not knowingly disobey obligation under the rules of a tribunal); Rule 8.1(b) (lawyer shall not fail to respond to lawful demand for information from disciplinary authority); Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); and 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent acknowledges that his misconduct constitutes grounds for discipline under the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct), Rule 7(a)(3) (it shall be ground for discipline for lawyer to knowingly fail to respond to a lawful demand from a disciplin-

ary authority), and Rule 7(a)(9) (it shall be ground for discipline for lawyer to willfully fail to comply with the terms of a finally accepted deferred disciplinary agreement).

## *CONCLUSION*

■ We find that respondent's misconduct warrants a public reprimand. Accordingly, we accept the Agreement for Discipline by Consent and publicly reprimand respondent for his misconduct.[1]

Additionally, within fifteen (15) days of the date of this opinion, respondent shall retain the services of a law office management advisor. The advisor must be a member in good standing with the South Carolina Bar and his or her services must be approved by ODC. Respondent shall be responsible for the fees and costs associated with hiring the advisor.

The services of the advisor shall include the following:

1. An initial review and assessment of respondent's law office management systems, including identification of problem areas and recommendations for improvement;

2. A quarterly meeting with respondent (and members of his staff in the discretion of the advisor) to monitor the implementation of the advisor's recommendations;

3. Availability by telephone to respond to respondent's questions about law office management issues;

4. Within ninety (90) days of the date of this opinion, preparation of an initial report stating the extent to which respondent's law office management practices have been reviewed, suggestions for improvement, and the steps taken by respondent to implement those suggestions;

5. Immediate reporting to ODC of any failure on respondent's part to attend a scheduled appointment, provide requested access to information, or cooperate with the advisor in any fashion; and

---

1. Respondent has agreed to pay the costs associated with the proceedings before the Commission. Accordingly, respondent shall remit $130.25, which includes $104.00 for court reporter services, to the Commission within thirty (30) days of the date of this opinion.

6. At the conclusion of one year, preparation of a final report stating the extent to which respondent's office management practices have been reviewed, the steps taken by respondent to implement the advisor's suggestions, and the advisor's opinion as to whether further improvement is necessary.

Respondent shall be responsible for the timely filing of the advisor's reports set forth in # 4 and # 6 above.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.